# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

BRIAN A. MAUS,

        Plaintiff,

        -vs-                       Case No.   10-C-97

WILLIAM POLLARD, PETE ERICKSON,
CAPTAIN LESATZ, LT STUTLEEN, LINDMIER,
JOHN DOE, Sgt. at the Green Bay Correctional Institution,
WALTON, SCHILLER, JACK DORUFF, MARK KULIEKE,
M PETERS, MICHAEL MOHR, TOM GOZINSKE,
AMY SMITH, SARAH COOPER, CAPTAIN DELVAUX,
MICHAEL SCHULTZ, MICHAEL BAENEN,
THOMAS CAMPBELL, LT. SWIEKATOWSKI,
HUCK, NOVITSKI, KAMPHIUS,
JULIE DEROCHA, and ZIMONICH,

        Defendants.

# ORDER

The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. He has paid the full filing fee.

Regardless of the plaintiff's fee status, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or

malicious," that fail to state a claim upon which relief may be granted, or that seek monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in

fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325

(1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may,

therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal

theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

"Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir.

2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the

plaintiff is required to provide a "short and plain statement of the claim showing that [he] is

entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead

specific facts and his statement need only "give the defendant fair notice of what the . . .

claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that

offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action

will not do." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting

*Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual

matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting

2

*Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

The plaintiff is incarcerated at the Green Bay Correctional Institution. He filed the original complaint on February 4, 2010, in which he alleges that the defendants retaliated against him and denied him access to the courts. The defendants in the original complaint are: Warden William Pollard, Security Director Pete Erickson, Captain Lesatz, Lt. Stutleen, Lindmier, Sgt. John Doe, Officer Walton, Officer Schiller, Education Director Jack Doruff, Librarian Mark Kulieke, Business Office Clerk M. Peters, Complaint Examiner Michael Mohr, Complaint Examiner Tom Gozinske, and Complaint Examiner Amy Smith. The plaintiff filed an amended complaint on April 21, 2010, in which he alleges that additional defendants have retaliated against him for filing this action. The new defendants are: Segregation Unit Manager Sarah Cooper, Captain Delvaux, Captain Michael Schultz, Deputy Warden Michael Baenen, Lt. Thomas Campbell, Lt. Swiekatowski, Mailroom Sgt. Huck, Officer Novitski, Business Office Manager Kamphuis, Julie Derocha, and Social Worker Zimonick.

The plaintiff's amended complaint is technically a supplemental complaint and the court construes it as such. *See* Fed. R. Civ. P. 15(d) (court may permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented); *see also Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998) (per curiam) (erroneously characterizing supplemental pleading as amended pleading is immaterial). The original and supplemental complaints will be considered together as the complaint.

4

The court finds that the plaintiff may proceed on retaliation and access to the courts claims. The plaintiff will need to use discovery to identify the John Doe defendant.

**IT IS THEREFORE ORDERED** that the complaint in this case consists of the original complaint (Docket No. 1) and the supplemental complaint (Docket No. 4).

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's complaint (Docket Nos. 1 and 4) and this order are being sent today to the Attorney General for service on the state defendants.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> % Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

5

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 3rd day of June, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*

**HON. RUDOLPH T. RANDA**
**U. S. District Judge**

6